UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.M., individually and on behalf of my minor children A.T. and A.S., <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK, *et al.*, <br><br> Defendants. | 24-CV-3001 (LTS) <br><br> ORDER TO FILE MOTION TO PROCEED ANONYMOUSLY AND ORDER OF PARTIAL DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. As set forth in this order, the Court directs Plaintiff R.M. to file a motion to proceed anonymously and dismisses the claims brought on behalf of A.T. and A.S.

**A.     Proceed Anonymously**

In the caption of the complaint, Plaintiff includes her initials rather than her full name. Under Rule 10(a) of the Federal Rules of Civil Procedure, Plaintiff must include her full name. Rule 10(a) provides that "[t]he title of [a] complaint must name all the parties." *Id.* "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Thus, unless Plaintiff can show that she should proceed anonymously, this action must proceed under Plaintiff's full name.

In deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically,

> to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted).

Plaintiff brings this action under the pseudonym "R.M.," but she does not request permission to proceed anonymously or provide any reason why the Court should permit her to do so. Moreover, it is not clear whether she intends to shield her identity from the public only, or also from Defendants. Accordingly, the Court directs Plaintiff to file a motion to proceed anonymously, setting forth the reasons for this request. If Plaintiff does not file a motion to proceed anonymously, the action shall proceed with her full name.

**B.      Claims Brought on Behalf of A.T. and A.S.**

A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue

2

*sua sponte.*" *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

Plaintiff seeks to bring claims on behalf of her children. Because A.T. and A.S. are entitled to legal counsel, and Plaintiff does not state that she is an attorney, the Court dismisses A.T. and A.S.'s claims without prejudice to an attorney appearing on their behalf.

## CONCLUSION

The Court directs Plaintiff to submit a motion to proceed anonymously, within 30 days of the date of this order. She must indicate whether she seeks to shield her identity from the public only, or also from Defendants. If Plaintiff does not submit a motion to proceed anonymously, the action will proceed with her full name.

The Court dismisses without prejudice the claims brought on behalf of A.S. and A.T.

No summons shall issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge