UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.M., <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, et al., <br><br> Defendants. | 24-CV-3001 (JMF) <br><br> ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 alleging that Defendants violated her constitutional rights. Plaintiff names as Defendants the City of New York, the New York City Administration for Children's Services ("ACS"), ACS Commissioner Jess Dannhauser, the New York City Police Department ("NYPD"), the New York City Fire Department ("FDNY"), and ten ACS workers, namely, Akintunji Akinyemi, James Bernard, Carndell Cardasha, Shakina Denton, Mtonya Fletcher, Joy Jason, Shanay Mason, Donna McFadden, Lieutenant Patasall, and Supervisor Scott. By order dated May 20, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff also seeks leave to proceed in this action under the pseudonym "R.M." *See* ECF No. 8.

      As set forth below, the Court (1) directs service on Defendants City of New York, Commissioner Dannhauser, and ACS workers Akinyemi, Denton, Jason, Mason, and McFadden; (2) directs the New York City Law Department to identify Supervisor Scott so that she may be served; (3) dismisses the claims against ACS, the NYPD, and the FDNY because they are not suable entities; (4) dismisses the claims against Bernard, Cardasha, Fletcher, Mason, and Patasall for failure to state a claim, with 30 days' leave to file an amended complaint to state claims

against these defendants; and (5) partially grants Plaintiff's motion for leave to proceed pseudonymously.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Order of Service

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants City of New York, Commissioner Dannhauser, and ACS workers Akinyemi, Denton, Jason, Mason, and McFadden through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Order to Identify Supervisor Scott**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit ACS to identify Supervisor Scott. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of ACS, must ascertain the full name of Supervisor Scott and the address where this defendant may be served. The Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, the Court will issue an order directing the Clerk of Court to add the full name of this defendant to the caption of the operative pleading and complete the USM-285 form with the address for Supervisor Scott and deliver all documents necessary to effect service to the U.S. Marshals Service.

C.  **Municipal Agencies**

Plaintiff's claims against ACS, the NYPD, and the FDNY must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D.  **Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Bernard, Cardasha, Fletcher, Mason, and Patasall were involved personally in the events underlying her claims. Plaintiff's

4

claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state a valid claim against Bernard, Cardasha, Fletcher, Mason, and Patasall, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

In any amended complaint Plaintiff wishes to submit, she must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

1. the names and titles of all relevant people;
2. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
3. a description of the injuries Plaintiff suffered; and
4. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiff has also filed a motion seeking leave to proceed under the pseudonym "R.M." *See* ECF No. 8. That motion is GRANTED insofar as Plaintiff may be identified only as "R.M." in publicly filed documents, principally because the case involves Plaintiff's minor children. *See, e.g.*, *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) ("Courts have been readier to protect the privacy interests of minor[s] 'because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation.'"); *Doe v. Salina*, No. 23-CV-3529 (JMW), 2024 WL 1259362, at *5 (E.D.N.Y. Mar. 25, 2024) ("[A]s courts in this Circuit have recognized, 'the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials.'"). However, the motion is DENIED to the extent that Plaintiff seeks to conceal her identity from Defendants. *See, e.g.*, *Townes*, 2020 WL 2395159, at *4 ("The risks must be more than speculative . . . . Evidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously.").

In her motion, Plaintiff also "requests that her full name be redacted from any documents already filed in this matter, including the initial filing document where her full name was inadvertently disclosed." ECF No. 8, at 4. As far as the Court can tell, the Complaint and Plaintiff's request to proceed *in forma pauperis* are the only filings that disclose Plaintiff's name.

6

The Court will accordingly direct that these filings be sealed/remain under seal, but **Plaintiff shall file a copy of her Complaint with her name and signature redacted on the public docket within 30 days of this Order**. If there are other filings on the public docket that reveal her name, Plaintiff shall inform the Court by way of letter filed on the docket.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants City of New York, Commissioner Dannhauser, and ACS workers Akinyemi, Denton, Jason, Mason, and McFadden; complete the USM-285 form with the address for these defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court directs the Clerk of Court to mail a copy of this order to the New York City Law Department at 100 Church Street, New York, NY 10007.

The Court dismisses Plaintiff's claims against ACS, the NYPD, the FDNY, Bernard, Cardasha, Fletcher, Mason, and Patasall. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint against the individual defendants.

The Clerk of Court is directed to mail a copy of this Order and an information package to Plaintiff.

The Clerk of Court is directed to place ECF No. 2 under seal and to maintain ECF No. 1 under seal, such that only the Court and the parties have viewing permission.

The Clerk of Court is directed to terminate ECF Nos. 6 & 8.

SO ORDERED.

Dated: September 11, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. City of New York City
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Commissioner Jess Dannhauser
   Administration of Children's Services
   150 William Street
   New York, NY 10038

3. Akintunji Akinyemi
   Administration of Children's Services
   150 William Street
   New York, NY 10038

4. Shakina Denton
   Administration of Children's Services
   150 William Street
   New York, NY 10038

5. Joy Jason
   Administration of Children's Services
   150 William Street
   New York, NY 10038

6. Shanay Mason
   Administration of Children's Services
   150 William Street
   New York, NY 10038

7. Donna McFadden
   Administration of Children's Services
   150 William Street
   New York, NY 10038